IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA

v.  Case No.: 21-cr-126-jdp

ROGER HOFFMAN,

Defendant.

---

**PLEA AGREEMENT**

---

1. This is the proposed plea agreement between the defendant and the United States in the above-captioned case.

2. **PLEA AND PENALTIES:** The defendant agrees to plead guilty to Count 2 of the superseding indictment. This count charges a violation of Title 52, United States Code, Section 30121, which carries maximum penalties of five years in prison and a $250,000 fine, a three-year period of supervised release, a $100 special assessment, and the entry of an appropriate restitution order. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional imprisonment term pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing and understands that the Court will enter an order requiring the immediate special assessment payment under 18 U.S.C. § 3013. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment.

3. **RIGHTS WAIVED BY PLEADING GUILTY:** The defendant acknowledges by pleading guilty, that he is giving up these rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel – and if necessary to have the Court appoint counsel – at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

4. **IMMIGRATION CONSEQUENCES:** The defendant understands that upon conviction, if he is not a United States citizen, he may be removed from the United States, denied citizenship, and denied future admission to the United States. The defendant nevertheless affirms that he wants to plead guilty regardless of any removal

and immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

5.   **APPELLATE RIGHTS WAIVER:** The defendant acknowledges, after consultation with his attorney, that he fully understands the extent of his rights to appeal the conviction and sentence in this case. By his signature below, the defendant knowingly and voluntarily waives all rights, including those conferred by 18 U.S.C. § 3742, to appeal his conviction and any sentence of imprisonment, including any issues with respect to the calculation of the advisory sentencing guideline range or the reasonableness of the sentence imposed.

6.   **FACTUAL BASIS:** The defendant agrees that the following facts are true, correct, and that, if this case were to proceed to trial, the government would be able to prove these facts beyond a reasonable doubt. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described herein.

On or about January 15, 2009, the defendant, formerly a Wisconsin resident, became a citizen of St. Kitts and Nevis. On or about July 9, 2009, the defendant executed a formal Oath of Renunciation of Nationality of the United States before a United States consular officer. His loss of United States citizenship was approved on or about July 15, 2010. The defendant was aware that following the execution of his formal Oath of Renunciation and therefore becoming a foreign national, he was prohibited by law from making campaign contributions or reimburse others who made contributions to federal and state elections. Despite that, the defendant knowingly and willfully gave money to Person A with the knowledge that a large portion of that money would be used to make political contributions in Person A's name. Defendant acknowledges that he was the ultimate source of the funds used by Person A to make political contributions. These illegal contributions and donations of money in connection with federal and state elections in Wisconsin and contributions to committees of political parties totaled at least $25,000 in the charged calendar year.

Person A is a United States citizen residing in Madison, Wisconsin who accepted a position as the defendant's personal assistant in or around April 2007. Person A had never made a political contribution before working for the defendant. After the defendant renounced his citizenship, the defendant gave money to Person A and directed Person A to contribute to specific candidates and committees in specific amounts, using her own name or variations of her name. To execute this scheme, the defendant directed Person A to open checking accounts with multiple banks, with the checks listing Person A's Madison, Wisconsin address and provided the funds for these accounts. The defendant had joint access to the checkbooks, online login credentials, and debit cards for these checking accounts. The defendant used the funds in the accounts to make donations to candidates for federal and state office by writing checks drawn on the accounts and by using the debit cards linked to the accounts to make contributions and donations online. The defendant falsely represented to the recipients of the contributions and donations that Person A or variations on that name,

2

was the contributor or donor, when in fact the defendant was the true source of the funds.

From in and around July 2010 through December 2010, after the defendant had renounced his United States citizenship, the defendant directed or made in Person A's name 40 federal campaign contributions totaling $16,983. From in and around 2011 through 2020, the defendant directed or made in Person A's name 1,205 federal campaign contributions totaling $329,309. Specific to Count 2 of the superseding indictment, in calendar year 2016, the defendant directly and indirectly made $73,350 in federal campaign contributions and $4,000 in state contributions.

Madison, Wisconsin is in the Western District of Wisconsin.

This information is provided to establish a factual basis for the defendant's guilty plea. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

7. **SCOPE OF RESOLUTION:** The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the Western District of Wisconsin provided that two conditions are met: (a) the criminal conduct relates to the conduct described in the superseding indictment; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

8. **DISMISSING REMAINING CHARGES:** The United States agrees to move to dismiss the remaining counts of the superseding indictment at sentencing.

9. **RESTITUTION:** The defendant agrees to pay restitution for all losses relating to the offense of conviction and all losses covered by the same course of conduct or common scheme or plan as the offense of conviction. The parties will agree upon the exact restitution figure before sentencing, or, if the parties cannot agree upon a specific figure, the Court will determine restitution at sentencing. The defendant further agrees that the full amount of restitution is due and payable immediately. Defendant acknowledges that immediate payment means payment in good faith from the liquidation of all non-exempt assets beginning immediately.

10. **FINANCIAL STATEMENT:** The defendant agrees to complete the attached financial statement and return it to this office within one week of the guilty plea hearing. The defendant agrees that this financial statement will be a full and truthful accounting, including all available supporting documentation. The defendant authorizes the United States Attorney's Office to run the defendant's credit report. The defendant also agrees that the probation office may disclose to the United States all

3

financial statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents.

11. **SENTENCING RECOMMENDATIONS:** The United States agrees to recommend that the Court sentence the defendant to 397 days in federal prison which represents credit for time already served from his arrest on an extradition warrant for this case in the Turks and Caicos Islands on October 25, 2023, to the date of his release order (Dkt. 32) on November 25, 2024. The defendant acknowledges his understanding that, other than this recommendation, the United States has made no promises or guarantees regarding the sentence that will be imposed. The defendant also acknowledges his understanding that the Court may not accept the recommendations, which may be made by the United States, and that the Court can impose any sentence up to and including the maximum penalties set out above. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct that is unknown to the United States and is inconsistent with acceptance of responsibility, or if he engages in any conduct between the date of this plea agreement and the sentencing hearing, which is inconsistent with acceptance of responsibility. This recommendation is consistent with the defendant signing this plea agreement on or before August 6, 2025.

12. **VOLUNTARINESS OF PLEA:** The defendant acknowledges that no threats, promises, representations, or agreements exist, other than those set forth in this agreement, to cause the defendant to plead guilty. Defendant acknowledges that he has read this agreement, has carefully reviewed it with his attorney and understands and voluntarily accepts all its terms.

13. **THIS IS THE ONLY PLEA AGREEMENT:** By our signatures below, the defendant and defense counsel acknowledge that this is the only plea agreement in this case.

CHADWICK M. ELGERSMA
Acting United States Attorney

_8-7-25_
Date

By: _[signature]_
DAVID REINHARD
Assistant United States Attorney

ED SULLLIVAN
Chief, Public Integrity Section

By: _[signature]_
DAHOUD ASKAR
Trial Attorney

4

Public Integrity Section
Criminal Division
U.S. Department of Justice

_8/6/25_
Date

_____
MARK MACIOLEK
Attorneys for the Defendant

_Aug. 6, 2025_
Date

_____
ROGER HOFFMAN
Defendant

5

## ACKNOWLEDGEMENTS

I, ROGER HOFFMAN, am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed the entire agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney, including the charges against me, the elements of those charges, and possible defenses. I am satisfied that my attorney has provided effective assistance of counsel.

_aug. 6, 2025_  
Date

_Roger S. Hoffman_  
ROGER HOFFMAN  
Defendant

I am the defendant's attorney. I have reviewed this agreement carefully with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_8/6/25_  
Date

_Mark Maciolek_  
MARK MACIOLEK  
Attorney for Defendant